UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDY PENA, DAEREON FRIDAY, SHAUKAT ALI, ARIFUL ISLAM, AHMED SHAIBI, IBUKUN OYEBAMIJI and ISMAIL BOURRICH, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

THE CITY OF NEW YORK, DAVID DO, Chairperson of the NYC Taxi and Limousine Commission, SHERRYL ELUTO, Deputy Commissioner the NYC Taxi and Limousine Commission, and MOHAMMED AKINLOLU, Associate Commissioner for Prosecution for the NYC Taxi and Limousine Commission,

Defendants.

**ORDER AND OPINION DENYING MOTION FOR RECONSIDERATION**

24 Civ. 5893 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

On August 2, 2024, Plaintiffs, a putative class of drivers licensed by the New York City Taxi and Limousine Commission ("TLC"), filed suit against the City of New York; David Do, Chair of the TLC; Sherryl Eluto, General Counsel and Deputy Commissioner of the TLC; and Mohammed Akinlolu, Associate Commissioner for Prosecution for the TLC, alleging malicious prosecution claims under 42 U.S.C. § 1983 and the unlawful suspensions of TLC licenses. On November 13, 2024, I denied Defendants' motion to dismiss, holding that the issues raised by the complaint could not "fairly be determined without a full record." ECF No. 33. After discovery, both sides sought summary judgment. On June 4, 2026, I issued my Order and Opinion granting summary judgment to Defendants. *See* ECF No. 82.

On June 17, 2026, Plaintiffs moved for reconsideration of that Order. *See* ECF Nos. 84 and 85. For the reasons discussed below, Plaintiffs' motion is denied.

## LEGAL STANDARD

The standard for granting a motion to reconsider is strict, and such motions will generally be denied. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Handwerker v. AT&T Corp.*, 285 F. Supp. 2d 331, 332 (S.D.N.Y. 2002) (citation and internal quotation marks omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys*, 684 F.3d at 52 (citation omitted).

## DISCUSSION

Plaintiffs primarily argue that I conflated two instances requiring probable cause in the TLC summary suspension process; namely "the probable cause to suspend and probable cause to prosecute post-suspension and to demand an extended suspension." ECF No. 85 at 6. As noted in my June 4, 2026, Opinion, the TLC Chairperson or their designee "can summarily suspend a License based upon [enumerated] criminal charges pending against a Licensee if the Chairperson *believes* that the charges, if true, would demonstrate that continued licensure would constitute a direct and substantial threat to public health or safety." 35 R.C.N.Y. § 68-15(d)(1) (emphasis added). The same factual basis supporting the summary suspension also permits the matter to proceed to the prompt post-suspension hearing contemplated by the relevant regulation. No reasonable jury could find that Defendants lacked probable cause to participate in those

hearings. That threshold is distinct from the Commission's burden to establish *at* the hearing that continued suspension is warranted. There, the "Commission must prove *by a preponderance of the evidence* that the charges pending against the Respondent, if true, demonstrate that the continuation of the Respondent's License during the pendency of criminal charges would pose a direct and substantial threat to public health or safety." 35 R.C.N.Y. § 68-15(d)(5) (emphasis added). The TLC Chairperson's, or their designee's, *belief* that allowing the driver to be licensed poses a direct and substantial threat to public health or safety is distinct from whether or not the Commission can *prove by a preponderance of the evidence* that the charges, if true, demonstrate that allowing that driver to be licensed poses a direct and substantial threat to public health or safety.

Plaintiffs correctly note that the TLC's suspension-on-arrest regime has two stages: an arrest for an enumerated charge that justifies a suspension, and a post-deprivation hearing. *See* ECF No. 85 at 3. However, Plaintiffs conflate the showing necessary to proceed to the hearing with the Commission's burden to succeed at the hearing. Plaintiffs identify no intervening facts that sufficiently undermined the basis for the initial suspensions such that proceeding to the post-suspension hearing would constitute malicious prosecution. Once the driver requests a hearing, the Commission must schedule it, and the hearing itself determines whether continued suspension is warranted. *See* 35 R.C.N.Y. § 68-15(d)(3)-(5). Consistent with this regulatory structure, the Court of Appeals explained in *Nnebe v. Daus* that the hearing "provides the necessary inquiry into the propriety of the suspension in light of the fuller record that can be compiled in the aftermath of the arrest, which might confirm or dispel the initial impression that the driver's continued licensure would pose a threat to the safety of the public." *Nnebe v. Daus*, 931 F.3d 66, 82–83 (2d Cir. 2019). That the TLC ultimately failed to carry its

burden does not, itself, establish that Defendants lacked probable cause to proceed to those driver-requested hearings.

Plaintiffs argue that if "the evidence of the fact of arrest was sufficient to prove a direct and substantial threat to public safety, the TLC would never bother to request or present additional documents at OATH hearings—and it would always prevail at those hearings." ECF No. 85 at 11. But again, this argument conflates the justification for immediate suspension with the proof required for continued suspension in light of the hearing. *Nnebe* held that the fact that an arrest exists provides "sufficient indicia of a threat to public health and safety to permit an immediate suspension" of a TLC license "at a point at which little was known about the driver and the charged crime, *provided that the driver would be given a post-deprivation hearing*." *Nnebe*, 931 F.3d at 82–83 (emphasis added). These drivers were given their post-deprivation hearings.

Even accepting Plaintiffs' analogy to criminal prosecutions, it fails to save their arguments. *See Johnson v. City of Mount Vernon*, No. 10 Civ. 7006 VB, 2012 WL 4466618, at *5 (S.D.N.Y. Sept. 18, 2012) ("when a court finds there was probable cause for an arrest, and in the absence of some indication that the authorities became aware of exculpatory evidence between the time of the arrest and the subsequent prosecution that would undermine the probable cause which supported the arrest, no claim for malicious prosecution may lie.") (citation omitted).

Independently, Plaintiffs' motion for reconsideration neglects to substantively address my dispositive ruling on the Fourth Amendment. As stated in my Order and Opinion of June 4, 2026, "'[i]n order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment ... *and*

must establish the elements of a malicious prosecution claim under state law[.]'" ECF No. 82 at 4 (quoting *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010) (emphasis added)).

Plaintiffs cannot demonstrate a violation of their Fourth Amendment rights, for the purposes of a malicious prosecution claim, because they were required to participate in post-summary suspension hearings in order to lift their suspensions. *See id.* at 6 (citing *Johns v. Do*, No. 23-CV-3497 (PKC) (SJB), 2024 WL 4171023, at *7 (E.D.N.Y. Sept. 12, 2024); *Est. of Keenan v. Hoffman-Rosenfeld*, No. 16 Civ. 149 (SFJ) (AYS), 2019 WL 3416374, at *8 (E.D.N.Y. July 29, 2019), *aff'd*, 833 F. App'x 489 (2d Cir. 2020) ("[W]here a plaintiff is charged in an administrative proceeding, but never taken into custody, imprisoned, physically detained or seized within the traditional meaning of the Fourth Amendment, there is no deprivation of liberty constituting a Fourth Amendment violation.") (citation and internal quotation marks omitted); *Rolon v. Henneman*, 517 F.3d 140, 147 (2d Cir. 2008)).

In my June 4, 2026, Opinion, I held that as Plaintiffs had not "assert[ed] they were taken into custody or otherwise detained, only that their licenses, which they have a property interest in, were suspended pending further proceedings" and that, therefore, even viewing the record "in the light most favorable to Plaintiffs, no reasonable jury could find that Defendants' actions violated the Fourth Amendment." *Id.* Because Plaintiffs could not demonstrate a Fourth Amendment violation, it follows they could not "prevail on a § 1983 claim against a state actor for malicious prosecution[.]" *Manganiello*, 612 F.3d at 160–61. This remains the case, and Plaintiffs do not substantively argue otherwise, nor do they offer sufficient justification to grant a motion for reconsideration. *See Kolel Beth Yechiel Mechil*, 729 F.3d at 104 (citation omitted).

## CONCLUSION

Plaintiffs' motion for reconsideration is denied. The Clerk shall terminate ECF Nos. 84 and 85.

SO ORDERED.

Dated: August 17, 2026
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge